**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeremiah DAVIS, Defendant–Appellant.**

No. 02–5274.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and RUSSELL, District Judge.*

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

*ORDER*

Jeremiah Davis appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Davis pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At Davis's sentencing hearing, defense counsel argued that the government improperly used two juvenile convictions to classify Davis as an armed career criminal. The district court concluded that Davis qualified as an armed career criminal and sentenced him to 180 months of imprisonment and five years of supervised release.

On appeal, Davis's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Davis has not responded to counsel's motion to withdraw.

The record in this case clearly reflects that Davis entered a valid guilty plea. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At the plea hearing, the district court very carefully, energetically, and patiently reviewed with Davis the provisions of the plea agreement, the rights he was waiving, and the maximum penalties he faced under the applicable statute, including length of imprisonment and supervised release. The district court also reviewed the count of the indictment to which Davis was pleading guilty, and Davis acknowledged his guilt.

The district court properly accepted Davis's guilty plea because the transcripts of the plea hearing and sentencing proceeding clearly establish that, under the totality of the circumstances, Davis's plea was entered voluntarily, knowingly, and intelligently. *See Brady,* 397 U.S. at 749, 90 S.Ct. 1463. In addition, a factual basis was established for the plea as required by Fed.R.Crim.P. 11(f). *See United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). The district court properly sentenced Davis in accordance with the parties' plea agreement.

We have further examined the record in this case, including the transcripts of Davis's guilty plea and the sentencing hearing, and conclude that no reversible error is apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.