RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0189p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

JEREMIAH DAVIS,

*Petitioner-Appellee*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellant*.

┐
│
│
> No. 17-5659
│
│
┘

───────────────

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
Nos. 3:01-cr-00083; 3:16-cv-00244; 3:16-cv-00688—Robert Leon Jordan, District Judge.

Argued: July 31, 2018

Decided and Filed: August 16, 2018[*]

Before: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellant. Laura E. Davis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellee. **ON BRIEF:** Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellant. Laura E. Davis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellee.

───────────────

[*]This decision was originally filed as an unpublished opinion on August 16, 2018. The court has now designated the opinion for publication.

---

**OPINION**

---

GIBBONS, Circuit Judge.  The government appeals the district court's grant of habeas relief to Jeremiah Davis.  Because Tennessee reckless aggravated assault, § 39-13-102(a)(1), is a crime of violence under the use-of-force clause of the Armed Career Criminal Act (the "ACCA") and the *Shepard* documents show that Davis was convicted under subsection (a)(1), we reverse the judgment of the district court.

I.

In 2001, Jeremiah Davis pled guilty to possessing a firearm as a felon under 18 U.S.C. § 922(g)(1).  *United States v. Davis*, 52 F. App'x 738, 738 (6th Cir. 2002).  He was sentenced as an armed career criminal under the ACCA based on three prior Tennessee aggravated assault convictions.  Two of his aggravated assault convictions occurred before 1993 under an earlier version of the statute.  The substantive language of the previous and current versions of the Tennessee aggravated assault statutes is nearly identical.  *Compare* Tenn. Code Ann. § 39-13-102 (1990), *with* Tenn. Code Ann. § 39-13-102.  The main difference is that the current version lists reckless aggravated assault and knowing/intentional aggravated assault as separate subsections and reduces reckless aggravated assault from a Class C to a Class D felony.  Tenn. Code Ann. § 39-13-102 (1994).  Davis's conviction and sentence were affirmed on appeal. *Davis*, 52 F. App'x at 739.

In 2016, Davis filed a petition for habeas corpus, arguing that under *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551 (2015), his two earlier aggravated assault convictions were not predicate crimes under the ACCA.  The district court agreed, noting that this court had already concluded in *United States v. McMurray* that reckless aggravated assault did not qualify as a violent felony under the ACCA's use-of-force clause.  653 F.3d 367, 377 (6th Cir. 2011). The district court also rejected the government's argument that *Voisine v. United States*, 136 S. Ct. 2272 (2016), had overruled *McMurray* by holding that the ACCA's use-of-force clause encompassed reckless conduct.  Accordingly, the district court determined that Davis could have

been sentenced as an armed career criminal based only on the residual clause and was therefore entitled to *Johnson II* relief.  The government timely appealed.

## II.

When reviewing a district court's grant of habeas under § 2255, this court "appl[ies] a clearly erroneous standard to its factual findings and review[s] its conclusions of law de novo." *Braden v. United States*, 817 F.3d 926, 929 (6th Cir. 2016) (quoting *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000).  Whether an ACCA predicate crime qualifies as a violent felony under *Johnson II* is a legal question that we review *de novo*.  *Id.*

## A.

The ACCA imposes a sentencing enhancement on defendants with three prior violent felony convictions.  18 U.S.C. § 924(e)(1).  To be a qualifying violent felony under the ACCA, each prior conviction must be for a "crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).  The "residual clause" was found unconstitutional in *Johnson II*.  135 S. Ct. at 2563.  Thus, Davis is entitled to habeas relief based on *Johnson II* only if his Tennessee aggravated assault convictions are not violent felonies under either the use-of-force or enumerated-offense clauses.  Here, the enumerated-offense clause is not applicable, so the question is whether Tennessee aggravated assault qualifies under the use-of-force clause.

Subsection (a)(1) of the Tennessee aggravated assault statute requires that the offender commit a regular assault under § 39-13-101 and, additionally, either cause serious bodily injury, or use or display a deadly weapon.  *See* Tenn. Code Ann. § 39-13-102(a)(1) (1990).  Under § 39-13-101:

    (a) A person commits assault who:
        (1) Intentionally, knowingly or recklessly causes bodily injury to another;
        (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
        (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

Tenn. Code Ann. § 39-13-101.

In his petition for habeas relief, Davis initially argued, and the district court agreed, that because Tennessee aggravated assault can be committed with a mental state of recklessness, his two convictions were not predicate crimes under the ACCA's use-of-force clause. *See McMurray*, 653 F.3d at 377 (holding that Tennessee aggravated assault was not a violent felony under the use-of-force clause because it encompassed reckless conduct). However, Davis mostly abandons this argument on appeal and for good reason. After the district court's decision, this circuit ruled in *United States v. Verwiebe* that a mental state of recklessness is sufficient to qualify a conviction as a crime of violence under the use-of-force clause following the intervening Supreme Court decision in *Voisine*, which necessarily overturned this circuit's precedent in *McMurray*. 874 F.3d 258, 262 (6th Cir. 2017) ("[W]e have held that a crime requiring only recklessness does not qualify as a crime of violence . . . . But since [that decision], the Supreme Court has found recklessness sufficient to constitute a crime that 'has, as an element, the use or attempted use of physical force.'")

Furthermore, this circuit has subsequently applied *Verweibe* specifically to the Tennessee aggravated assault statute, concluding that reckless aggravated assault in Tennessee is a crime of violence under the use-of-force clause. *United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017) (holding that *Verwiebe*, while mistaken, governs this case). Although both *Verwiebe* and *Harper* dealt with the use-of-force clause under U.S.S.G § 4B1.2, their holdings apply equally to the ACCA's use-of-force clause because both clauses have consistently been construed to have the same meaning. *See, e.g.*, *United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017). Thus, *Harper* is binding, and § 39-13-101(a)(1) is categorically a crime of violence.

## B.

Now on appeal, Davis argues that he is alternatively entitled to *Johnson II* relief because the government has not adequately shown that his two pre-1993 convictions—before the statute separated reckless aggravated assault from knowing/intentional aggravated assault—were for the § 39-13-101(a)(1) variant of aggravated assault. Specifically, he argues that neither the (a)(2) variant, which encompasses a parent's failure to protect a child, nor the (a)(3) variant, which requires only physical contact that is extremely offensive or provocative, qualifies as a predicate crime under the ACCA's use-of-force clause.[1] *See* Tenn. Code Ann. § 39-13-102(a) (1990). The government has shown, however, that Davis was convicted under the (a)(1) variant.

The government presents charging documents for both of Davis's pre-1993 aggravated assault convictions. Both juvenile petitions for the 1991 and 1992 aggravated assaults clearly indicate that Davis was charged under subsection (a)(1). The 1991 petition states that "Davis . . . violated T.C.A. 39-13-102, aggravated assault, by shooting Victor Michael Harris with a deadly weapon, causing serious bodily injury to the victim." DE 52-1, 1991 Petition, Page ID 117. And the 1992 petition states that "Davis . . . fir[ed] a handgun at Toi Lamont Melvin, striking him in the chest and causing serious bodily injury." DE 52-1, 1992 Petition, Page ID 119. Neither of these petitions indicates that Davis failed to protect a child under the (a)(2) variant or was subject to a restraining order—an element necessary for the (a)(3) variant. Tenn. Code Ann. § 39-13-102(a) (1990).

---

[1]The full text of Tenn. Code Ann. § 39-13-102(a) (1990) reads:

(a) A person commits aggravated assault who:

(1) Commits an assault as defined in § 39-13-101 and:

(A) Causes serious bodily injury to another; or

(B) Uses or displays a deadly weapon; or

(2) Being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault described in subsection (a); or

(3) After having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Davis argues that these charging documents are not *Shepard* documents and cannot be considered because, after a bench trial, the sentencing court can consider only the judge's formal rulings of law and findings of fact. However, Davis's argument is without merit. The Supreme Court has explicitly directed courts to look at charging documents when determining under which variant of an offense a defendant had been convicted. *See Shepard v. United States*, 544 U.S. 13, 16 (2005) ("[A] later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."); *see also Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) ("[A] sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."); *Descamps v. United States*, 570 U.S. 254, 265 (2013) ("[T]he court could look to reliable materials (the charging document, jury instructions, plea colloquy, and so forth).") Although these cases dealt with plea agreements, nothing in them suggests—nor can we conceive a valid reason why—charging documents cannot be considered when there is a bench trial rather than a plea. Thus, the juvenile petitions here conclusively show that Davis was convicted under the (a)(1) variant of Tennessee aggravated assault.

Lastly, Davis argues that the 1992 petition cannot be considered because it originally charged attempted first-degree murder, but Davis was convicted of aggravated assault. He cites two cases to support this proposition—*United States v. Bernal-Aveja*, 414 F.3d 625 (6th Cir. 2005), and *United States v. Day*, 465 F.3d 1262 (11th Cir. 2006)—but neither helps him. In both *Bernal-Aveja* and *Day*, the defendant was charged with an aggravated version of burglary that required entry into a dwelling, but both defendants eventually pled guilty to a lesser burglary charge that did not have the dwelling element. *See Bernal-Aveja*, 414 F.3d at 628 (6th Cir. 2005); *Day*, 465 F.3d at 1266. Thus, the *Bernal-Aveja* and *Day* courts held that the charging documents could not be used to prove that the defendants' convictions were for generic burglary under the ACCA because the defendants pled to a lesser-included offense that did not contain the necessary dwelling requirement. *Bernal-Aveja*, 414 F.3d at 628 (6th Cir. 2005); *Day*, 465 F.3d at 1266.

In contrast here, the only possible lesser-included offense that Davis could have been convicted of was the (a)(1) variant of the Tennessee aggravated assault statute, which does qualify as a predicate crime under the ACCA. Under Tennessee law, "the accused may be convicted only of a crime which is raised by the indictment or which is a lesser-included offense thereof." *State v. Rush*, 50 S.W.3d 424, 427 (Tenn. 2001). To be a lesser-included offense, Tennessee law requires that all the statutory elements of the lesser-included offense be included in the original charge. *State v. Burns*, 6 S.W.3d 453, 466 (Tenn. 1999). Here, neither the (a)(2) nor the (a)(3) variant of aggravated assault would have been a lesser-included offense because the original attempted murder charge did not include the elements needed for a conviction under those subsections—(a)(2) requires Davis to have been the custodian or guardian of a child, and (a)(3) requires Davis to have been restrained by some court order. *Compare* Tenn. Code Ann. § 39-13-202(a) (1991) (first-degree murder), *with* Tenn. Code Ann. § 39-13-102(a) (1990) (aggravated assault). Therefore, Davis could have been convicted only under the (a)(1) variant of the Tennessee aggravated assault statute.

## III.

Accordingly, because Tenn. Code Ann. § 39-13-101(a)(1) is a crime of violence under the ACCA's use-of-force clause and Davis was convicted under the (a)(1) variant, we reverse the district court's grant of habeas relief.