RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0059p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

CARLOS CLIFFORD LOWE,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

> No. 17-5490

─────────────

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
Nos. 3:05-cr-00022-1; 3:16-cv-00714—Thomas A. Varlan, District Judge.

Argued:  October 3, 2018

Decided and Filed:  April 4, 2019

Before:  BATCHELDER, DONALD, and THAPAR, Circuit judges.

─────────────

## COUNSEL

**ARGUED:**  Melissa M. Salinas, Garrett T. Fox, UNIVERSITY OF MICHIGAN LAW SCHOOL, Ann Arbor, Michigan, for Appellant.  Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.  **ON BRIEF:**  Melissa M. Salinas, Garrett T. Fox, UNIVERSITY OF MICHIGAN LAW SCHOOL, Ann Arbor, Michigan, for Appellant.  Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

DONALD, J., delivered the opinion of the court in which BATCHELDER and THAPAR, JJ., joined.  THAPAR, J. (pg. 10), delivered a separate concurring opinion in which BATCHELDER, J., joined.

---

**OPINION**

---

BERNICE BOUIE DONALD, Circuit Judge.  Petitioner-appellant Carlos Lowe appeals the district court's denial of his successive pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons more fully explained below, we **REVERSE** and **REMAND** the case back to the district court.

I.

In 2005, a jury found Lowe guilty of possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Lowe had previously been convicted of four felonies under Tennessee law.  They include:  third-degree burglary, aggravated assault, a rape occurring in 1977, and a rape occurring in 1985.

At his sentencing, the district court determined that at least three of those prior felonies qualified Lowe as an armed career criminal under the Armed Career Criminal Act ("ACCA") and sentenced him to 235 months imprisonment.  *See* 18 U.S.C. § 924(e)(1).  Lowe subsequently appealed his conviction and his sentence, but this court affirmed.  *United States v. Lowe*, No. 06-5352 (6th Cir. Apr. 27, 2007) (order).  Lowe then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied.

After the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Lowe filed a motion for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under § 2255.  *In re Carlos Clifford Lowe*, 16-6002 (6th Cir. Nov. 14, 2016) (order).  We granted the motion and transferred the case to the district court.  *Id.*

Lowe filed his second or successive § 2255 motion in the district court, challenging his status as an armed career criminal.  The district court denied the motion and certified that an appeal would not be taken in good faith, holding that Lowe's convictions for third-degree burglary, aggravated assault, and the 1977 rape still qualify as ACCA predicates.  Based on those

determinations, the district court did not address Lowe's 1985 rape, for which he was convicted under a different statute than for the 1977 rape.

Lowe timely appealed the district court's denial of his second § 2255 motion. This court granted him a certificate of appealability to determine whether his third-degree burglary conviction qualifies as an ACCA predicate. That question, however, was recently answered in *Cradler v. United States*, 891 F.3d 659 (6th Cir. 2018). It does not. *See id.* at 671.

Undeterred, the Government now argues that Lowe's status as an armed career criminal remains valid because his convictions for aggravated assault and the two rapes qualify as violent felonies under the ACCA. In response, Lowe asserts that the Government has not met its burden of establishing that the 1985 rape qualifies.[1] We now turn to that conviction.

## II.

The validity of Lowe's designation as an Armed Career Criminal hinges entirely on whether his 1985 rape qualifies as an ACCA predicate offense. The district court declined to reach this question once it determined that Lowe's convictions for third-degree burglary, aggravated assault, and the 1977 rape qualified as violent felonies. Nevertheless, we exercise our discretion to consider this issue in the first instance. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases.").

The ACCA imposes a fifteen year mandatory minimum sentence on a defendant who violates § 922(g) after having been convicted of three prior "violent felonies." *See* 18 U.S.C. § 924(e). A violent felony, as pertinent here, is defined as "any crime punishable by imprisonment for a term exceeding one year, . . . that—(i) has as an element the use, attempted

---

[1]Lowe also argues that his conviction for aggravated assault cannot be an ACCA predicate because the Government has not demonstrated that he was convicted for acting intentionally rather than recklessly. Our recent holding in *Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018), forecloses this argument, as we held that both reckless and intentional aggravated assault in Tennessee qualify as violent felonies. *Accord United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017) ("[W]e are bound to hold that reckless aggravated assault in violation of Tenn. Code Ann. § 39-13-102(a)(1)(B) is a crime of violence for purposes of U.S.S.G. § 4B1.2(a)."). Lowe, however, does not submit argument concerning the 1977 rape; thus, we do not consider it.

use, or threatened use of physical force against the person of another[.]" § 924(e)(2)(B), (i). This clause has come to be known as the "use-of-force" or the "elements" clause, requiring a finding that an offense involved a level of "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

"To determine whether a conviction offense is a [violent felony], we apply a categorical approach 'focus[ing] on the statutory definition of the offense, rather than the manner in which the offender may have violated the statute in a particular circumstance.'" *United States v. Gooch*, 850 F.3d 285, 290 (6th Cir. 2017) (quoting *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016)). Pursuant to the categorical approach, if an offense's elements do not necessarily involve the use, attempted use, or threatened use of physical force against another, the crime does not qualify as a predicate offense under the ACCA (in the elements-clause context). *See United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017).

Where, however, a statute sets out "one or more elements of the offense in the alternative," the statute defines multiple crimes and is considered divisible. *See Descamps v. United States*, 570 U.S. 254, 257 (2013). In that scenario, we employ a modified categorical approach, which requires a multi-step inquiry. *See id.* We first look to the statute as a whole to determine whether it includes crimes that do not necessarily involve the use of force. If it does, we determine whether the statute is divisible and whether any crime defined by the statute may qualify as an ACCA predicate offense. If the answer is yes, we "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). Finally, we determine whether that crime necessarily involved the use, attempted use, or threatened use of force.

Under either the categorical or the modified categorical approach, the first step is to look to the statute under which the defendant was convicted. At the time Lowe committed the 1985 rape, the relevant statute read:

(a) Rape is unlawful sexual penetration of another accompanied by any of the following circumstances:

(1) Force or coercion is used to accomplish the act;

(2) The actor knows or has reason to know that the victim is mentally defective, mentally incapacitated, or physically helpless; and

(3) The actor accomplishes sexual penetration by fraud.

(b) Rape is a felony punishable by imprisonment in the penitentiary for a determinate sentence not less than five (5) years nor more than twenty (20) years.

Tenn. Code Ann. § 39-2-604 (1982).

As we have previously held, a conviction for rape where the victim is "physically helpless" does not necessarily require the use of force. *In re Sargent*, 837 F.3d 675, 677-78 (6th Cir. 2016). Thus, for purposes of the ACCA, this statute is overbroad because it is comprised of at least one crime that does not require the use, attempted use, or threatened use of force. The next step is to determine whether the statute is divisible.

We find that it is because it lists elements in the alternative, thereby defining multiple crimes. *See Mathis*, 136 S. Ct. at 2248 ("'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'") (quoting Black's Law Dictionary 634 (10th ed. 2014)). For instance, a jury may find that a defendant committed rape by force or coercion, as listed in (a)(1), without finding that the defendant committed rape by fraud, as listed in (a)(3). Therefore, § 39-2-604 defines multiple crimes and is divisible. *See Descamps v. United States*, 570 U.S. 254, 257 (2013).

The next question is whether the statute defines at least one crime that would likely qualify as a predicate offense under the ACCA. We find that it likely does. Section (a)(1) criminalizes rape committed by force. Force is defined as "compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of the Sexual Offenses Law[.]" Tenn. Code Ann. § 39-2-602(3) (1982). Therefore, rape by force would almost certainly qualify as a predicate offense under the ACCA.

Because the statute defines the crime of rape in a way that could, but need not, qualify as an ACCA predicate, our next step is to consult the *Shepard* documents to see which offense

Lowe committed.  In this case, the only *Shepard* document we have is the indictment.  It charged Lowe with "feloniously engag[ing] in sexual penetration . . . by use of *fear and coercion* in violation of TCA 39-2-604."  The parties dispute whether the indictment contains a typo because it used the terms "fear and coercion" rather than (a)(1)'s "force or coercion" or whether, instead, Lowe was charged with only rape by coercion.  This distinction is immaterial, though, because it is clear that Lowe was indicted under (a)(1).  No other section in the statute criminalizes rape by coercion, and nowhere in the statute is rape by fear criminalized at all.  Therefore, the only question before us is whether a violation of (a)(1) necessarily involved the use, attempted use, or threatened use of force.

As described above, rape by "force" would almost certainly qualify as a predicate offense under the ACCA; however, it is not immediately clear whether rape by "coercion" would likewise qualify.  Because (a)(1) lists both force and coercion, we must determine whether rape by coercion would qualify on its own as a predicate offense, and further, whether (a)(1) is divisible.  If the answer to both questions is no (e.g., rape by coercion is not a predicate offense and (a)(1) is not divisible), then Lowe's conviction does not qualify as a predicate offense.  We begin with the definition of coercion.

Tennessee defines "coercion" as a "threat of kidnapping, extortion, force or violence to be performed immediately or in the future or the use of parental, custodial, or official authority over a child less than fifteen (15) years of age[.]"  Tenn. Code Ann. § 39-2-602(1).  The last clause of this definition, which requires only use of authority over a child, does not satisfy the use of force clause.  Therefore, we must determine whether this definition describes various factual means by which a defendant may commit a single element—rape by coercion—or elements in the alternative, thereby listing the constituent parts of four separate crimes.  *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).  If it is the former (means), then rape by coercion is not a predicate offense because it can be committed without the use, attempted use, or threatened use of force; but if it is the latter (elements), we continue down the modified-categorical-approach pathway.  To make the means versus elements determination, we first look to state court decisions addressing the issue.  *See Mathis*, 136 S. Ct. at 2256 (opining that the means versus elements question be made easy where "a state court decision definitively answers

the question"); *see also United States v. Ritchey*, 840 F.3d 310, 318 (6th Cir. 2106) ("In determining whether statutory alternatives constitute elements or means, the Court clarified that sentencing courts should look first to state law, including judicial interpretations of the criminal statute by state courts."); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988) ("State courts interpret state criminal statutes, and their interpretations are binding on federal courts.").

In this instance, Tennessee courts have determined that rape by force or coercion, as listed in (a)(1), is an indivisible crime. Therefore, the definition of coercion simply lists means by which that crime may be committed. Numerous opinions issued by Tennessee appellate courts support this conclusion. *State v. Sontay*, No. M2012-01579-CCA-R3-CD, 2013 Tenn. Crim. App. LEXIS 643, at *29-*30 (Tenn. Crim. App. July 31, 2013); *State v. Way*, No. E2002-00251-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 120, at *28-*29 (Tenn. Crim. App. Feb. 9, 2004); *State v. Hilton*, C.C.A. No. 278, 1991 Tenn. Crim. App. LEXIS 738 (Tenn. Crim. App. Sep. 4, 1991); *State v. Watkins*, 754 S.W.2d 95, 98-99 (Tenn. Crim. App. 1988); *State v. Halton*, C.C.A. NO. 23, 1988 Tenn. Crim. App. LEXIS 619, at *5 (Tenn. Crim. App. Oct. 12, 1988).

The most illustrative state-court case is *State v. Goff*, No. E2002-691, 2003 WL 21788914, at *8-*11 (Tenn. Crim. App. Aug. 5, 2003). There, a jury convicted Goff of, among other things, multiple counts of rape by force or coercion. *See id.* at *2-*3. On appeal, Goff challenged the sufficiency of the evidence of those rape convictions. *Id.* at *18-*19.

The Tennessee Court of Appeals began its analysis by considering how many crimes the rape statute listed. It stated, "Many of our proscriptive statutes set forth alternative modes for committing crimes. Code section 39-13-503 specifies four different modes of committing rape." *Id.* at *21.

The statute at issue in *Goff* was Tennessee Code Annotated § 39-13-503, not § 39-2-604, the statute at issue here. However, § 39-13-503 is the successor to § 39-2-604, and (a)(1) in both statutes criminalizes rape by the use of "[f]orce or coercion," and the correlative definitions of coercion are identical. *Compare* Tenn. Code Ann. §§ 39-13-501(1), 503(a)(1), *with* Tenn. Code Ann. §§ 39-2-602(1), 604(a)(1) (1982). The only meaningful difference between the two statutes for purposes of this case is that § 39-13-503(a) contains four subsections whereas § 39-2-604(a)

contains only three, which is why the *Goff* court found that § 39-13-503 lists four separate crimes, instead of three. According to the Tennessee Court of Appeals, then, the definition of coercion does not list additional crimes. Rather, it lists means of committing the single crime of rape by coercion.

Delving further into the court's opinion, we find more support for this determination. In analyzing whether the evidence was sufficient to convict Goff of rape by force or coercion, the court began by defining force and coercion. It then opined that "the evidence strikes us as an effort to persuade that the *element* of coercion was supplied via the 'parental authority language. . . .'" *Id.* at *22 (emphasis added). The court found that there was no evidence in the record that the victim was under fifteen years of age at the time the alleged rapes occurred; thus, there was insufficient evidence to convict Goff of rape by coercion "through the use of parental . . . authority over a child less than fifteen (15) years of age." *Id.* at *22-*26.

Notably—and dispositive to the question at hand—the court did not stop its analysis there. It continued, stating that

> there are two other avenues by which the sufficiency of the rape convictions might be upheld. Section 39-13-503(1) supplies an alternative definition of coercion as the "threat of kidnapping, extortion, force of violence to be performed immediately or in the future." Also, the rape statute provides that either "force" or "coercion" will suffice.

*Id.* at *26 (internal citations omitted). The court first found that the record could not support a conviction for rape by force. *Id.* at *26-*29. It then went on to analyze each remaining provision in the definition of coercion, finding that there was insufficient evidence to support a finding that Goff committed rape by "threat of kidnapping, extortion, force or violence to be performed immediately or in the future. . . ." *Id.* at *26-*32; *see also* § 39-2-604(a)(1).

What is clear from the court's opinion is that it would have upheld the jury's conviction for rape by force or coercion if a single definitional provision of force or coercion had been established in the record. This means two things: (1) rape by force or coercion, as enumerated in (a)(1), is an indivisible crime, and (2) the definition of coercion is not a list of elements that defines four separate crimes. *See Mathis*, 136 S. Ct. at 2248 (opining that elements are what must be proven by "the prosecution to sustain a conviction[]"). As the Tennessee appellate

court's analysis makes clear, the jury could have chosen any definitional provision upon which to convict Goff, and its verdict would have been upheld. It necessarily follows, then, that the government did not have to prove the existence of any one specific definitional provision. Therefore, § 39-2-604(a)(1) defines one crime, that being rape by force or coercion. Because rape by coercion can be committed by the use of parental authority—e.g., without any force—the statute is overbroad for purposes of the ACCA.

## III

Lowe's previous convictions for third degree burglary and the 1985 rape do not qualify as ACCA predicates. Therefore, his sentence as an armed career criminal cannot stand. Accordingly, we **REVERSE** and **REMAND** the case for resentencing.

—————————

## CONCURRENCE

—————————

THAPAR, Circuit Judge, concurring. Rape is always violent. Whether a rapist coerces a victim, tricks them, or drugs them, the act of "unlawful sexual penetration" involves violent force. And then there is this case, where Carlos Lowe dragged his victim across a car seat and raped her. No one questions that his act was unlawful, forceful, and violent.

Yet, in the categorical-approach world, we cannot call rape what it is. Instead of analyzing the facts underlying Lowe's crime to determine if it was violent, we must engage in a hypothetical exercise to determine whether the crime's elements could be committed in a non-violent fashion. So, although rape is always violent as a matter of fact, the majority correctly applies our precedent to conclude that Lowe's rape was not violent as a matter of law. But this case demonstrates, once again, that it is time for Congress to revisit the categorical approach so we do not have to live in a fictional world where we call a violent rape non-violent. *See United States v. Burris*, 912 F.3d 386, 407–10 (6th Cir. 2019) (en banc) (Thapar, J., concurring); *Ovalles v. United States*, 905 F.3d 1231, 1257–62 (11th Cir. 2018) (en banc) (W. Pryor, J., concurring) (suggesting that Congress adopt a fact-based approach for the Armed Career Criminal Act); *see also* U.S. Sentencing Comm'n, Sentencing Guidelines for United States Courts, 83 Fed. Reg. 65400, 65408 (proposed Dec. 20, 2018) (similar proposal for sentencing guidelines). Since Congress has not yet eliminated the categorical approach, I regrettably concur.