NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0184n.06

No. 17-5760

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Apr 11, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES |
| | ) | DISTRICT COURT FOR |
| IRVIN JUNIOR PHILLIPS, | ) | THE EASTERN DISTRICT |
| | ) | OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: GRIFFIN and DONALD, Circuit Judges; and BERTELSMAN, District Judge.[*]

PER CURIAM.

Defendant-Appellant Irvin Phillips appeals his sentencing enhancement that was entered pursuant to the Armed Career Criminal Act ("ACCA"). Prior to entering a guilty plea for being a felon in possession of a firearm, Phillips had three prior convictions for aggravated or attempted aggravated assault. The district court found that these were predicate offenses that qualified for an enhanced sentence under the ACCA. Phillips has appealed only the district court's decision regarding his 2009 aggravated-assault conviction. He also challenges the continuing validity of the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

For the reasons stated below, we **AFFIRM**.

---

[*] The Honorable William O. Bertelsman, United States District Court Judge for the Eastern District of Kentucky, sitting by designation.

I.

In July of 2015, Phillips was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(b)(1). (R. 1, ID 1). He pleaded guilty in the Eastern District of Tennessee. (R. 44, ID 1027). The United States Probation office prepared a Presentence Report ("PSR") for Phillips's sentencing determination. (R. 35, ID 277). It found that Phillips had three prior convictions that qualified as predicate offenses under the ACCA: (1) a 2006 aggravated-assault conviction; (2) a 2008 attempted-aggravated-assault conviction; and (3) a 2009 aggravated-assault conviction. (PSR ¶¶ 29, 34, 37). Each conviction was based on Tennessee's aggravated assault statute, § 39-13-102,[1] and Phillips pleaded guilty in each instance. (*Id.*) Phillips's minimum imprisonment term was increased from its original guideline range of 168 to 210 months to 15 years due to the ACCA enhancement. (*Id.* at ¶¶ 80-81).

While Phillips objected to the use of each conviction at his sentencing, he has only appealed the determination that his 2009 aggravated-assault conviction qualified as a predicate offense. (Appellant's Br. at 14). At sentencing, Phillips's primary argument centered on the mens rea

---

[1] At the time of Phillips's 2009 conviction, § 39-13-102 read:

"(a) A person commits aggravated assault who:

    (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon; or

    (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon.

(b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect the child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-402.

(c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion, or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against the individual or individuals."

Tenn. Code Ann. § 39-13-102(a)-(c) (2008).

elements in Tennessee's aggravated assault statute: a person can commit aggravated assault either intentionally or knowingly under § 39-13-102(a)(1) or recklessly under § 102(a)(2). Tenn. Code Ann. § 39-13-102(a). An intentional or knowing aggravated assault is a Class C felony, while a reckless aggravated assault is a Class D felony. Tenn. Code Ann. § 39-13-102(d)(1). Phillips argued that the state court was not clear as to which mental state formed the basis of his conviction since the state court included intentional, knowing, and reckless elements when discussing Phillips's convictions in the plea colloquy. (R. 45, ID 1042-43, 1046). At the time of Phillips's sentencing, this distinction mattered because this Circuit had not yet held that recklessness was a sufficient mental state for purposes of the ACCA. (*See id.* at 1076-78). Therefore, Phillips argued that because the state court did not clearly establish that Phillips had been convicted of a knowing or intentional aggravated assault, his conviction did not qualify for the ACCA. (*See, e.g.*, *id.* at 1073-74). Phillips further argued that he was convicted pursuant to an *Alford* plea and thus did not admit the factual basis of his conviction. (*Id.* at 1042). He also argued that the state-court judgment was not a valid *Shepard* document. (*Id.* at 1044-45).

The district court decided to use the modified categorical approach for Phillips's sentencing in an "overabundance of caution" since it was not satisfied that recklessness was an appropriate mental state for the ACCA. (*Id.* at 1086). The court looked to the indictment, plea colloquy, and judgment. (*Id.* at 1091-93). It found that Phillips's conviction must have been under § 102(a)(1)(A) or (B) since the state-court judgment specified that his conviction was a Class C felony, and it therefore could not be a reckless aggravated assault because that is a Class D felony. (*Id.* at 1092-93). The court then held that Phillips's conviction was a violent felony under the ACCA and that Phillips should be sentenced as an armed career criminal (*Id.* at 1093, 1097).

II.

Under the ACCA, a felon who unlawfully possesses a handgun can have his sentence enhanced if he has three previous convictions for violent felonies. 18 U.S.C. § 924(e)(1). A violent felony is defined in two ways: it can either involve the use, attempted use, or threatened use of physical force against the person of another (the "use-of-force clause"), or it can be one of several enumerated offenses. 18 U.S.C. § 924(e)(2)(B).[2] Assault is not an enumerated offense, so Phillips's aggravated-assault conviction would only qualify for the ACCA if it satisfies the use-of-force clause.

To decide if a conviction satisfies the ACCA, the Supreme Court has developed a categorical approach that consists of comparing elements of the "generic" crime as it is commonly understood with the elements of the conviction. If the statute's elements are identical to or narrower than the generic crime, then a conviction under that statute is a violent felony under the ACCA. *Descamps v. United States*, 570 U.S. 254, 257 (2013).

If, however, the statute is divisible—meaning that it "sets out one or more elements of the offense in the alternative"—then whether a defendant is convicted of a violent felony depends entirely upon which elements served as the basis of his conviction. *Id*. In these instances, courts are allowed to use the "modified categorical approach" to determine which set of elements provided the basis for the defendant's conviction. *Id*. Once the elements of the conviction are determined, the court then compares that offense to the generic crime again to determine if the ACCA is satisfied. *Id*.

---

[2] Specifically, the ACCA defines a violent felony as, "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife or destructive device that would be punishable by imprisonment for such term if committed by an adult, that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924 (e)(2)(B).

Under the modified categorical approach, courts may look to certain documents to narrow a defendant's conviction to a particular set of elements. In *United States v. Shepard*, the Supreme Court identified records that are appropriate to determine the character of a conviction: "a later court [may look to] the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. 13, 16 (2005).

That Tennessee's aggravated assault statute, § 39-13-102, is a divisible statute is not contested. *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016); Appellant's Br. at 26 n.7. Thus, the district court properly used the modified categorical approach. "We review determinations as to whether a conviction qualifies as a 'violent felony' under the ACCA *de novo*." *United States v. Hockenberry*, 730 F.3d 645, 663 (6th Cir. 2013).

A.

The state-court plea colloquy reveals which elements provided the basis for Phillips's conviction. Phillips faults the district court's review of the colloquy, however, and argues that *Shepard* allows us only to review any factual basis admitted by him rather than the entire plea colloquy. (Appellant's Br. at 25). He also argues that because he entered an *Alford* plea and did not admit the factual basis of his conviction, there is nothing for us to review in the colloquy. *See Shepard*, 544 U.S. at 26.

Phillips reads *Shepard* too narrowly. In adopting the modified categorical approach, the Supreme Court has repeatedly emphasized that courts should only look for the elements of a conviction and not the underlying facts. *See Descamps*, 570 U.S. at 263 ("[The modified approach] retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime.").

And, the Court recently defined precisely what an element is for the ACCA: "[e]lements are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.' At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant, and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (internal citations omitted).

Here, although Phillips was permitted to enter an *Alford* plea and therefore did not admit the factual basis of his conviction, the state court explained the *elements* of his convicted offense in the plea colloquy by noting what the prosecution would have to prove:

> Do you understand in order to convict of you this offense, the State of Tennessee would have to prove beyond a reasonable doubt that you did unlawfully, intentionally, and knowingly and recklessly cause fear or bodily injury to another while displaying a deadly weapon and if the state couldn't prove that you would not be found guilty. Do you understand that?

(R. 31-3, ID 245-46).

Phillips said that he understood. (*Id.* at 246). Under *Mathis*, then, these are the elements of Phillips's conviction because this is what the State would have had to prove in order to convict him. *Mathis*, 136 S. Ct. at 2248.

At the time of his conviction, Tennessee defined aggravated assault as follows:

> (a) A person commits aggravated assault who:
>     (1) *Intentionally* or *knowingly* commits an assault as defined in § 39-13-101 and:
>         (A) Causes serious bodily injury to another; or
>         (B) Uses or *displays a deadly weapon*; or
>     (2) *Recklessly* commits an assault as defined in § 39-13-101(a)(1), and:
>         (A) Causes serious bodily injury to another; or
>         (B) Uses or *displays a deadly weapon*.

Tenn. Code Ann. § 39-13-102(a) (emphasis added).

A person who commits aggravated assault under § 102(a) must have committed an underlying assault, which was defined in § 39-13-101:

> (a) A person commits assault who:
>   (1) Intentionally, knowingly or recklessly *causes bodily injury* to another;
>   (2) Intentionally or knowingly causes another to reasonably *fear imminent bodily injury*; or
>   (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

Tenn. Code Ann. § 39-13-101(a) (emphasis added).

Looking at these two statutes, it is clear where the state court found the language it used when describing his offense to Phillips. The only aggravated assault provision that includes the three mental states mentioned by the state court—intentionally, knowingly, or recklessly—is § 102(a). The other forms of aggravated assault can only be committed intentionally or knowingly. *See* Tenn. Code Ann. § 39-13-102(b)-(c). The state court also explicitly mentioned a deadly weapon, which is an element found in both (a)(1)(B) and (a)(2)(B). It is not included elsewhere in § 102. Lastly, § 102(a) requires an assault which can involve causing actual or fear of bodily injury—the state court incorporated both options in its colloquy with Phillips. Thus, as the state court explained, these are the elements of his conviction. They correspond with only §102(a). Further, it is undisputed that a conviction under § 102(a) is an ACCA violent felony.

We have previously held that *Shepard* allows us to examine plea colloquies even when the admitted factual basis is absent. *United States v. McMurray*, 653 F.3d 367, 378 (6th Cir. 2011), *abrogated on other grounds*, 136 S. Ct. 2272 (2016). The above exchange in Phillips's plea colloquy "demonstrate[s] with certainty that the defendant pleaded guilty to a narrowed charge that would qualify as a 'violent felony.'" *Id.* at 381.

Further, the Supreme Court has held that valid pleas of *nolo contendere* and *Alford* pleas are not different in any material aspects. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). It also

has held that a defendant who enters a plea of *nolo contendere* admits every essential element of the offense. *Lott v. United States*, 367 U.S. 421, 426 (1961). *Cf. Pearce v. U.S. Dep't of Justice, D.E.A.*, 867 F.2d 253, 255 (6th Cir. 1988). We have explicitly extended this principle to *Alford* pleas: "[f]or a conviction resulting from an *Alford*-type guilty, the defendant has 'necessarily' admitted to the elements of the charge but not necessarily the underlying factual basis." *McMurray*, 653 F.3d at 381. We have thus "distinguished reliance on the factual basis of the plea provided by the prosecutor from reliance on the elements of the charge" simply because the elements are admitted and the facts are not. *United States v. Ferguson*, 681 F.3d 826, 836 (6th Cir. 2012).

Because it is clear from the plea colloquy that Phillips's conviction was based on the elements of the deadly weapon variant found in § 39-13-102(a), we need not consider the indictment or the judgment.

B.

Once the *Shepard* documents have narrowed the convicted offense, we must then determine if the conviction qualifies as a violent felony. Because aggravated assault is not an enumerated offense in the ACCA, it must have "as an element the use, attempted use, or threatened use of force against the person of another" to qualify. 18 U.S.C. § 924(e)(2)(B)(i). Phillips's conviction under Tenn. Code Ann. § 39-13-102(a) satisfies this requirement.

For the ACCA, force is "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States¸* 559 U.S. 133, 140 (2010). We previously held that convictions under § 39-13-102(a)(1)(B)—knowing or intentional assaults involving the use or display of a weapon—were violent felonies under the force clause of the ACCA. *Braden*, 817 F.3d at 933. We thereafter held that reckless aggravated assaults involving the use or display of a deadly weapon are also crimes of violence. *United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017);

*see also Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018) (applying *Harper*'s holding regarding the recklessness mens rea to the ACCA). Thus, Phillips's conviction would qualify for the ACCA regardless of whether he was convicted for a knowing or intentional aggravated assault or a reckless one.

However, Phillips now argues that § 102(a) cannot categorically be a crime of violence because a knowing or intentional aggravated assault requires an assault as defined under § 39-13-101, which can consist of extremely offensive or provocative contact. Tenn. Code Ann. § 39-13-101(a)(3). We reject this argument.

We recently noted that § 39-13-102(a)(1)(B) is categorically a crime of violence under the Guidelines—even if conducted through offensive contact. *Hollom v. United States*, 736 F. App'x 96, 101 (6th Cir. 2018).[3] "Regardless of whether the deadly weapon itself touches the victim's body, we cannot imagine one using or displaying a deadly weapon in the course of an offensive touching without threatening the use of violent force." *Id.* (quoting *U.S. v. Perez-Silvan*, 861 F.3d 935, 943 (9th Cir. 2017) (internal alterations omitted). We find that reasoning persuasive here.

Because Phillips's conviction clearly rested on the use or display of a deadly weapon, it falls under § 39-13-102(a). Since an assault which is based on extremely offensive contact would suffice for the force clause of the ACCA, whichever combination of elements Phillips's conviction rested upon would make it a predicate offense. The sentencing enhancement was therefore correct.

### III.

Phillips has also asked us to review the continuing validity of *Almendarez-Torres*. (Appellant's Br. at 34-35). However, whether *Almendarez-Torres* is still good law is not for us to

---

[3] *Hollom* found that aggravated assault convictions that involve offensive contact assaults are crimes of violence under the Sentencing Guidelines. *Id.* at 942-43. Its analysis is relevant for violent felonies under the ACCA because "[w]e determine a 'crime of violence' under the Guidelines in the same way as a 'violent felony' under the [ACCA] because both share essentially the same definitions." *United States v. Gibbs*, 626 F.3d 344, 352 n.6 (6th Cir. 2010).

decide. "Unless and until the Supreme Court takes the next step, this Court is bound to follow its current statement of the law on this subject." *United States v. Martin*, 526 F.3d 926, 942 (6th Cir. 2008) (quoting *United States v. Beasley*, 442 F.3d 386, 392 n.3 (6th Cir. 2006)) (internal alterations omitted). Until the Supreme Court tells us otherwise, we will continue to apply *Almendarez-Torres*.

IV.

For the foregoing reasons, we **AFFIRM** the decision of the district court.