NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0545n.06

No. 18-5517

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 25, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| FRANKLIN ROOSEVELT MCGEE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: SILER, GIBBONS, and DONALD, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Franklin Roosevelt McGee pled guilty to being a felon in possession of a firearm, and the district court sentenced McGee to 180 months' imprisonment. In doing so, the district court applied the Armed Career Criminal Act's ("ACCA") sentencing enhancement for a defendant who has three prior convictions for violent felonies. In his second motion for habeas relief under 28 U.S.C. § 2255, McGee argued, in part, that his prior convictions for Tennessee aggravated assault did not qualify as predicate crimes under the ACCA because the convictions allowed reckless mental states. The district court denied McGee's motion but certified for appealability the question of whether Tennessee reckless aggravated assault is a violent felony under the ACCA. Binding precedent holds that a Tennessee conviction for reckless aggravated assault is a violent felony under the ACCA. *See United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017); *accord Lowe v. United States*, 920 F.3d 414, 416 n.1 (6th Cir. 2019); *Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018); *United States v. Verwiebe*, 874 F.3d 258, 264 (6th Cir. 2017). Accordingly, we affirm the district court's denial of McGee's second motion for habeas relief under § 2255.

I.

In February 2008, McGee pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In May 2008, the district court sentenced McGee to 180 months' imprisonment and three years of supervised release. The district court applied the ACCA, which subjects a defendant convicted under § 922(g) to a sentence enhancement if the defendant has three previous convictions for violent crimes, or "violent felonies." *See* 18 U.S.C. § 924(e). The district court relied on five of McGee's previous convictions: (1) Tennessee aggravated assault in 1986; (2) Tennessee aggravated robbery in 1995; (3) felony escape in 1995; (4) Tennessee aggravated assault in 1995; and (5) Tennessee reckless aggravated assault in 2003.

Following the Supreme Court's ruling in *Begay v. United States*, 553 U.S. 137 (2008), and this court's ruling in *United States v. Baker*, 559 F.3d 443, 453 (6th Cir. 2009) (applying *Begay* and holding that when "on its face the statute criminalizes only reckless conduct," it is not a crime of violence under the ACCA), McGee and the government jointly moved for resentencing. This court granted the parties' motion. Accordingly, the district court resentenced McGee in April 2011, again applying the ACCA's sentencing enhancement. Under *Begay,* the district court found that the 1986 and 2003 aggravated assaults did not qualify as violent felonies because they could have been committed with recklessness, but that the remaining three prior crimes still qualified as violent felonies under the ACCA.

Then, following *Johnson v. United States*, 135 S. Ct. 2551 (2015) (finding the ACCA's residual clause unconstitutional), McGee filed a § 2255 motion for habeas relief in May 2016. He argued that, post-*Johnson*, none of his prior convictions, except the Tennessee aggravated robbery, qualified as predicate offenses under the ACCA. Conversely, the government argued that all of the prior convictions, except the felony escape, still qualified under the ACCA's use of force clause.

In May 2018, the district court denied McGee's motion. The district court applied this circuit's recent decision in *Verwiebe*, which reversed our precedent and held that crimes committed with a mental state of recklessness are predicate crimes of violence under the ACCA.[1]  874 F.3d

---

[1] For further discussion of the legal developments on this issue see *Dillard v. United States*, 768 F. App'x 480, 484–86 (6th Cir. 2019).

at 264. The district court therefore found that McGee's prior aggravated assault offenses—which may have been committed with recklessness—plus the 1995 aggravated robbery, subjected McGee to the ACCA's sentencing enhancement. But because a petition for writ of certiorari was pending in *Harper*, 875 F.3d at 330 (applying *Verwiebe* but calling it "mistaken"), the district court granted a certificate of appealability on the issue of "whether a Tennessee conviction for reckless aggravated assault is a crime of violence under the ACCA." DE 18, Order, Page ID 82.[2] McGee timely appealed.

## II.

When reviewing a district court's denial of habeas under § 2255, this court "appl[ies] a clearly erroneous standard to its factual findings and review[s] its conclusions of law *de novo*." *Braden v. United States*, 817 F.3d 926, 929 (6th Cir. 2016) (quoting *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000)). Whether a predicate crime qualifies as a violent felony under the ACCA is a legal question and reviewed *de novo*. *Id.* at 930.

## III.

The ACCA imposes a sentencing enhancement on defendants who violate § 922(g) when they have previously been convicted of at least three violent felonies. 18 U.S.C. § 924(e); *Lowe*, 920 F.3d at 416. To qualify as a violent felony, each prior conviction must be for a "crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use of force" clause); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated" clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual" clause). 18 U.S.C. § 924(e)(2)(B)(i)–(ii). The Supreme Court declared the "residual" clause unconstitutionally vague in *Johnson*, 135 S. Ct. at 2557. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (making *Johnson* retroactively applicable on collateral

---

[2] The Supreme Court has since denied the petition in *Harper*. *Harper*, 139 S. Ct. 53 (2018) (denying cert.).

review). Because the enumerated clause is inapplicable, McGee's Tennessee aggravated assault convictions can only be ACCA predicates if they qualify under the use of force clause.

On appeal, McGee challenges the district court's characterization of two previous aggravated assault convictions—1986 and 2003—as predicate offenses under the use of force clause. Both parties agree that the 1986 and 2003 Tennessee aggravated assault statutes allow for reckless conduct.[3] The only question on appeal is whether a reckless mental state is sufficient to constitute a predicate violent felony under the ACCA's use of force clause.

Prior to *Verwiebe*, the law in the Sixth Circuit was that "the 'use of physical force' clause of the ACCA . . . requires more than reckless conduct." *United States v. McMurray*, 653 F.3d 367, 375 (6th Cir. 2011), *abrogated by Verwiebe*, 874 F.3d at 262–64. Following the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272, 2280 (2016), which overturned this court's precedent, we held that that offenses requiring only recklessness can be violent felonies. *Verwiebe*, 874 F.3d at 264. This court has repeatedly affirmed that this holding applies to Tennessee aggravated assault. *See Lowe*, 920 F.3d at 416 n.1 (concluding that the argument that a conviction for Tennessee reckless aggravated assault could not be an ACCA predicate was "foreclose[d]" by precedent "[holding] that both reckless and intentional aggravated assault in Tennessee qualify as violent felonies"); *Davis*, 900 F.3d at 736 (noting that this court has ruled "that a mental state of recklessness is sufficient to qualify a conviction as a crime of violence under the use-of-force clause following the intervening Supreme Court decision in *Voisine*" and that "§ 39-13-101(a)(1) is categorically a crime of violence"); *Harper*, 875 F.3d at 330 ("[W]e are bound to hold that reckless aggravated assault in violation of Tenn. Code Ann. § 39-13-102(a)(I)(B) is a crime of violence . . . .").

Absent an intervening decision by the Supreme Court, a decision from this court sitting en banc, or a relevant change to the Guidelines, we are bound by our precedent. *Verwiebe*, 874 F.3d at 262; 6th Cir. R. 32.1(b). Therefore, we conclude that reckless aggravated assault under

---

[3] Nonetheless, the relevant statutory texts, the 1986 and 2003 versions, respectively, are reproduced below.

In 1986, the Tennessee aggravated assault statute provided that "[a] person is guilty of the offense of aggravated assault . . . if such person . . . [a]ssaults another while displaying a deadly weapon or while the victim knows such person has a deadly weapon in his possession . . .." Tenn. Code Ann. § 39-2-101(b) (Supp. 1984).

In 2003, the statute provided that "[a] person commits aggravated assault who . . . recklessly commits an assault defined in 39-13-101(a)(1), and the assault (i) [r]esults in serious bodily injury to another; (ii) [r]esults in the death of another; or (iii) [i]nvolved the use or display of a deadly weapon." Tenn. Code Ann. § 39-13-102(a)(1) (2003).

Tennessee law qualifies as a violent felony under the ACCA. We agree with the district court that McGee's prior aggravated assault offenses, plus the 1995 aggravated robbery, subjected him to the ACCA's sentencing enhancement for previous violent felonies.

## IV.

For the reasons stated, we affirm the district court's denial of habeas relief under § 2255.