RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0254p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

No. 17-5037

ADARIUS HARPER,

*Defendant-Appellee.*

─────────────

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:16-cr-20085-1—John Thomas Fowlkes Jr., District Judge.

Argued: July 26, 2017

Decided and Filed: November 9, 2017

Before: GIBBONS, KETHLEDGE, and DONALD, Circuit Judges.

─────────────

## COUNSEL

─────────────

**ARGUED:** Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellant. Mary C. Jermann-Robinson, FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellee. **ON BRIEF:** Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellant. Mary C. Jermann-Robinson, FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellee.

─────────────

## OPINION

─────────────

KETHLEDGE, Circuit Judge. Under § 4B1.2(a) of the Sentencing Guidelines, a "crime of violence" involves "the use . . . of physical force against the person of another." The question presented here is whether a Tennessee aggravated-assault offense that requires the defendant to

be merely reckless as to whether his conduct injures another is a "crime of violence" under that definition.  The district court held it was not.  The government brought this appeal.  A recent published decision by this court compels us to reverse.

In April 2012, Harper shot his brother on a public street in Memphis.  He later pled guilty in state court to reckless aggravated assault in violation of Tenn. Code Ann. § 39-13-102(a)(1)(B) (2012).  Three years later, Harper was caught selling drugs while possessing a loaded pistol.  He thereafter pled guilty in this case to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

At sentencing, the district court calculated Harper's Guidelines range to be 46-57 months' imprisonment.  But the government argued that Harper's range should be increased to 84-105 months because, the government said, Harper's prior conviction for Tennessee reckless aggravated assault was one for a felony "crime of violence."  *See* U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(a).  That argument, the government acknowledged, was contrary to our court's caselaw. *See, e.g.*, *United States v. McFalls*, 592 F.3d 707, 716 (6th Cir. 2010).  But the government contended that the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016), effectively overruled *McFalls*.  The district court disagreed, refused to increase the sentencing range, and sentenced Harper to 46 months.

In a published decision released shortly before this one, our court adopted the government's argument that, post-*Voisine*, offenses that require only recklessness can be crimes of violence under U.S.S.G. § 4B1.2(a).  *See United States v. Verwiebe*, 872 F.3d 408 (6th Cir.), *amended*, 874 F.3d 258 (6th Cir. 2017).  We see no basis to distinguish the reckless-assault offense in *Verwiebe* (namely 18 U.S.C. § 113(a)(6)) from the offense here.  Thus we are bound to hold that reckless aggravated assault in violation of Tenn. Code Ann. § 39-13-102(a)(1)(B) is a crime of violence for purposes of U.S.S.G. § 4B1.2(a).

\*       \*       \*

That said, we write further to explain why, in our view, the decision in *Verwiebe* was mistaken.  Section 4B1.2(a) of the Sentencing Guidelines provides in relevant part that "[t]he term 'crime of violence'" includes any offense, punishable by more than one year in prison, that

"has as an element the use . . . of physical force against the person of another[.]" In *McFalls*, we held that this language requires more than reckless conduct. 592 F.3d at 716. And here Harper's Tennessee conviction for aggravated assault required only that. Thus, if *McFalls* remains good law, the district court was correct to hold that Harper's Tennessee offense was not a crime of violence.

But *Verwiebe* says that *McFalls* is no longer good law, specifically in light of *Voisine*. There, the Supreme Court construed a single word—"use"—in the definition of "misdemeanor crime of domestic violence" as set forth in 18 U.S.C. § 921(a)(33)(A). That phrase, under § 921(a)(33)(A), includes crimes that necessarily involve "the use . . . of physical force[.]" Intentional or knowing assaults of course involve "the use of physical force"; the issue in *Voisine* was whether reckless assaults do as well. That issue implicated the actor's state of mind as to two different things: first, the conduct giving rise to the force, that is, whether the conduct was intentional or accidental; and second, the potentially harmful consequences of that conduct.

The word "use," the Supreme Court made clear, concerns primarily (if not exclusively) the first of those things, *i.e.*, the actor's state of mind regarding the conduct giving rise to the force. The noun "use" means "the 'act of employing' something." *Voisine*, 136 S. Ct. at 2278 (quoting various dictionary definitions). One does not "employ" force accidentally; instead, to count as a "use" of force, the force "must be volitional[.]" *Id*. at 2279. Thus, a husband "uses" force if he rams his wife into a wall, but not if he stumbles into her with the same effect. For only when he rams her into the wall is the application of force volitional.

"The use of physical force," then, is the volitional application of it. And a volitional application of physical force counts as a "use" even if the actor merely disregards a substantial risk of harm, rather than intend the harm. For the word "use" is "indifferent as to whether the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct." *Id.* The Supreme Court therefore held that reckless assaults—for example, a husband hurling "a plate in anger against the wall near where his wife is standing," which causes the shards to ricochet and injure her, *id.*—involve "the use . . . of physical force" as that phrase is used in § 921(a)(33)(A).

Here, the relevant Guidelines provision likewise includes the phrase "use . . . of physical force" in its definition of "crime of violence." *See* U.S.S.G. § 4B1.2(a)(1). The government thus argues, understandably, that Tennessee reckless aggravated assault is a "crime of violence" as defined by § 4B1.2. But the definition in § 4B1.2 includes language that the definition in *Voisine* did not. There, § 921(a)(33)(A) required only "the use . . . of physical force" *simpliciter* (so far as the "use of force" element was concerned); here, in contrast, § 4B1.2 requires "the use . . . of physical force *against the person of another*[.]" (Emphasis added.) The italicized language is a restrictive phrase that describes the particular type of "use of physical force" necessary to satisfy § 4B1.2. *See generally* Shertzer, *The Elements of Grammar* 7 (1986). Specifically, § 4B1.2 requires not merely a volitional application of force, but a volitional application "against the person of another."

Under § 4B1.2, therefore, the force's application to another person must be volitional or deliberate. Thus, § 4B1.2 requires a *mens rea*—not only as to the employment of force, but also as to its *consequences*—that the provision in *Voisine* did not. That requirement is met if the actor intends (*i.e.*, "consciously desires") to apply force to the person of another. *See United States v. Walli*, 785 F.3d 1080, 1084 (6th Cir. 2015). And as a practical matter the requirement is met if the actor knowingly applies force to the person of another (*i.e.*, if he knows that his "action is practically certain to cause that result"). *Id.* For one "may *infer* that a defendant consciously desires a result if he knows that result is practically certain to follow from his conduct." *Id.* (internal quotation marks and citation omitted). An actor who intentionally or knowingly applies physical force to the person of another, therefore, does so volitionally—which is to say he engages in a "use . . . of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a)(1).

But the same is not true of an actor who uses force recklessly. True, to "use" force, the actor must choose to employ it; and thus his *employment* of the force is volitional. But the force's application "against the person of another" is not. To the contrary, the actor is reckless if he "consciously *disregard[s]* a substantial risk that the conduct will cause harm to another." *Voisine*, 136 S. Ct. at 2278 (emphasis added; internal quotation marks omitted). The reckless actor is *indifferent*, therefore, to the substantial possibility that his force will apply to the person

of another. Hence he does not consciously desire that application; nor, since recklessness does not require a "practical certainty" of harm, can we infer that he desires it. *See Walli*, 785 F.3d at 1084. As culpable as the reckless actor might be, therefore, he does not volitionally apply force "against the person of another."

For good reason, then, the circuit courts overwhelmingly held before *Voisine* that crimes involving the reckless use of force are not crimes of violence as defined by § 4B1.2 and by the various statutory provisions that use the same definition at issue here. *See, e.g., McFalls*, 592 F.3d at 716; *United States v. Palomino-Garcia*, 606 F.3d 1317, 1335-36 (11th Cir. 2010); *Jimenez-Gonzalez v. Mukasey*, 548 F.3d 557, 560 (7th Cir. 2008); *United States v. Torres-Villalobos*, 487 F.3d 607, 615-16 (8th Cir. 2007); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1127-32 (9th Cir. 2006) (en banc); *Garcia v. Gonzales*, 455 F.3d 465, 468-69 (4th Cir. 2006); *Oyebanji v. Gonzales*, 418 F.3d 260, 263-65 (3d Cir. 2005); *Jobson v. Ashcroft*, 326 F.3d 367, 373 (2d Cir. 2003); *United States v. Chapa-Garza*, 243 F.3d 921, 926-27 (5th Cir. 2001).

None of the more recent cases upon which *Verwiebe* relies—*see United States v. Pam*, 867 F.3d 1191, 1207-08 (10th Cir. 2017); *United States v. Mendez-Henriquez*, 847 F.3d 214, 221-22 (5th Cir. 2017); *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016)—even acknowledge, much less analyze, the language that § 4B1.2 has but that the provision in *Voisine* did not: namely, "against the person of another." Those cases therefore "confirm" very little about the meaning of the language at issue here. Nor did the definition at issue in *Voisine* implicitly require the *mens rea* (as to the consequences of one's use of force) that is explicitly required under § 4B1.2. True, the definition of "misdemeanor crime of domestic violence" in § 921(a)(33)(A) required that there be a domestic "victim" in addition to a "use of physical force[.]" 18 U.S.C. § 921(a)(33)(A). Hence that provision (like § 4B1.2) implicitly requires that the defendant's "use of physical force" in fact harm another person. But nothing in the text of § 921(a)(33)(A) requires that the defendant act knowingly or intentionally with respect to that harm. Here, in contrast, § 4B1.2(a) does include language to that effect: "against the person of another." That phrase is not meaningless, but restrictive. And understood the way the English language is ordinarily understood, it narrows the scope of the phrase "use of force" to require not

merely recklessness as to the consequences of one's force, but knowledge or intent that the force apply to another person.

The various other reasons offered in support of the government's position are similarly unpersuasive. The hypothetical plate-throwing in *Voisine* satisfies § 921(a)(33)(A) but not § 4B1.2 because the husband employs force volitionally (by throwing the plate) but does not knowingly or intentionally apply that force "against the person" of his wife; instead, being only reckless, he is indifferent as to whether the plate hits her. Nor does *Leocal v. Ashcroft*, 543 U.S. 1 (2004), help the government's position here. True, the Court there focused on the word "use" rather than on the phrase "against the person of another." But the Court had no reason to address the "against" phrase, because the Court held that the offense there (drunk driving) did not involve a "use" of force in the first place. *Id.* at 9-10. Nor does reading § 4B1.2 to mean what it says (rather than to mean what only a part of it says) add undue complexity to our application of the sentencing laws. To the contrary, the distinction between knowing or intentional conduct, on the one hand, and reckless conduct, on the other, is one of the more familiar in criminal law. And a desire to simplify our own application of the law is hardly good enough reason to double a man's Guidelines range—which is approximately the result of applying *Verwiebe* here.

In sum, *Voisine* tells us what "use" means, not what "against the person of another" means. And the latter phrase, as shown above, means that an actor who is only reckless as to whether his force injures another does not commit a "crime of violence" as defined by § 4B1.2. Absent *Verwiebe*, therefore, we would hold that the offense at issue here was not a crime of violence under that provision.

The district court's decision in this case was contrary to the holding in *Verwiebe*. Hence we vacate its judgment and remand the case for resentencing.