**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0189n.06

**Nos. 17-5782/5783**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES WALKER, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 16, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| UNITED STATES OF AMERICA, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant-Appellant. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| | ) | OPINION |
| | ) | |

BEFORE: ROGERS, STRANCH, and THAPAR, Circuit Judges.

The court delivered a PER CURIAM opinion. STRANCH, J. (pp. 10–12), delivered a separate concurring opinion.

**PER CURIAM.** James Walker was found guilty of being a felon in possession of ammunition. Because the district court found that he had previously been convicted of three violent felonies, he was subject to a mandatory sentence of at least 15 years' imprisonment under the Armed Career Criminal Act (ACCA). Following the decision in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), Walker filed a habeas petition arguing that his prior convictions no longer qualify as violent felonies under the ACCA. The district court held that only two of Walker's prior convictions constituted violent felonies, vacated his sentence, and resentenced him to 88 months' imprisonment. We **REVERSE**.

## I. BACKGROUND

After a jury trial, Walker was found guilty of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court found that he was subject to an ACCA enhancement based on five prior felony convictions: (1) a 1974 Tennessee conviction for robbery with a deadly weapon; (2) a 1982 Texas conviction for robbery; (3) a 1983 Tennessee conviction for attempted third-degree burglary; (4) a 1986 Tennessee conviction for burglary; and (5) a 1994 Tennessee conviction for robbery. Because he had three prior convictions for violent felonies, Walker was required to be sentenced to no less than 15 years of imprisonment. 18 U.S.C. § 924(e). Absent three qualifying convictions, his maximum sentence would have been 10 years. 18 U.S.C. § 924(a)(2). The court sentenced Walker to the mandatory minimum of 15 years' imprisonment. We affirmed his conviction and sentence. *United States v. Walker*, 506 F. App'x 482 (6th Cir. 2012).

In January 2014, Walker timely filed a pro se habeas petition under 28 U.S.C. § 2255, raising several claims that are not at issue here. After the Supreme Court held that the ACCA's "residual clause" was void for vagueness in *Samuel Johnson*, 135 S. Ct. at 2557, Walker moved to amend this petition to include a claim that he no longer qualified for a sentencing enhancement under the ACCA. The district court allowed him to amend his petition and appointed counsel. The Government conceded that, with the invalidation of the residual clause, Walker's conviction for attempted third-degree burglary is no longer a violent felony under the ACCA, but argued that his four other convictions still qualify as violent felonies. The court determined that Walker's two Tennessee robbery convictions are violent felonies but Walker's convictions for Texas robbery and Tennessee burglary are not. The court explained that Tennessee's third-degree burglary statute sweeps more broadly than generic burglary and that Texas robbery could be committed by recklessly causing bodily injury to another, an insufficient mental state for an offense to be

considered a violent felony. Accordingly, the district court vacated Walker's sentence and resentenced him to 88 months' imprisonment.

On appeal, Walker argues that the district court erred by holding that his Tennessee robbery convictions were violent felonies under the ACCA. The Government initially argued that the district court erred in holding that Walker's Tennessee burglary conviction and Texas robbery conviction were not violent felonies. After briefing was concluded, however, this court held that the third-degree burglary statute under which Walker was convicted is not a violent felony. *Cradler v. United States*, 891 F.3d 659, 671 (6th Cir. 2018). The Government has conceded the issue of Tennessee burglary in light of this binding precedent, but continues to argue that Texas robbery is a violent felony under the ACCA.

## II. ANALYSIS

"This court reviews *de novo* a district court's determination regarding whether a prior conviction constitutes a 'violent felony' under the ACCA." *Id.* at 664 (quoting *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016)).

To determine whether a prior conviction counts as a "violent felony" under the ACCA, we "use the categorical approach." *United States v. Covington*, 738 F.3d 759, 762 (6th Cir. 2014) (quotation marks omitted). This involves looking not at the facts underlying the conviction but rather at "the *elements* of a defendant's prior conviction[]." *Id.* (citing *Descamps v. United States*, 570 U.S. 254, 261 (2013)). Once we determine the elements of conviction, we then examine whether this offense necessarily describes a violent felony. *Id.* at 763. Since *Samuel Johnson* invalidated the ACCA's residual clause, a crime is a violent felony if (1) the offense "has as an element 'the use, attempted use, or threatened use of physical force against the person of another,'" *id.* at 763 (quoting 18 U.S.C. § 924(e)(2)(B)(i)), or (2) its elements "are equivalent to the elements of the generic definition of one of the offenses enumerated

-3-

in . . . [18 U.S.C. §] 924(e)(2)(B)(ii)—burglary, arson, extortion, or a crime involving the use of explosives," *id.* at 764. We often refer to the first clause as the "use-of-force clause" and to the second as the "enumerated-offenses clause." *See, e.g.*, *Raines v. United States*, 898 F.3d 680, 685 (6th Cir. 2018).

Whether a prior conviction qualifies as a violent felony under either prong requires review of the minimum conduct necessary for conviction. "Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (alterations in original) (quoting *Curtis Johnson v. United States*, 559 U.S. 133, 137 (2010)). In determining the minimum conduct criminalized by a state statute, federal courts are bound by state courts' interpretation of the elements of the offense. *Curtis Johnson*, 559 U.S. at 138. Whether a state statute involves the use of "physical force" within the meaning of § 924(e)(2)(B)(i), however, "is a question of federal law, not state law." *Id.*

"[T]here are two steps in applying the categorical approach to determine whether a prior conviction constitutes . . . a violent felony under the ACCA. First, a court must ask whether the statute at issue is divisible by determining if the statute lists 'alternative elements.'" *Covington*, 738 F.3d at 763 (quoting *Descamps*, 570 U.S. at 278). If the answer to this question is affirmative, courts then use a "modified categorical approach" to determine the elements of conviction. *Id.* at 762–63. But we "use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *Descamps*, 570 U.S. at 278. We do not use it "to substitute . . . a facts-based inquiry for [the] elements-based one" required by the categorical approach. *Id.* "In other words, the modified approach serves—and serves solely—as

a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016).

### A. Tennessee Burglary

As the Government concedes, Walker's 1986 Tennessee conviction for third-degree burglary is not a violent felony under the ACCA. In *Cradler*, we overturned our contrary prior precedent in light of *Mathis*, concluding that Tennessee third-degree burglary does not qualify as a violent felony under the ACCA's enumerated-offenses clause "[b]ecause the Tennessee Supreme Court has included offense conduct in its definition of third-degree burglary that lies outside the narrower definition of generic burglary." 891 F.3d at 671; *see also United States v. Mitchell*, 905 F.3d 991, 993 (6th Cir. 2018) (applying *Cradler* to hold that a conviction for "the 1982 version of [Tennessee] third-degree burglary . . . is not a 'violent' felony under the ACCA").

### B. Tennessee Robbery

On the other hand, as the Government argues, our binding precedent dictates that Walker's 1974 Tennessee conviction for robbery with a deadly weapon and his 1994 Tennessee conviction for robbery are violent felonies under the ACCA. In the past five years, this court has thrice held that Tennessee robbery is categorically a violent felony. *United States v. Southers*, 866 F.3d 364, 367–69 (6th Cir. 2017); *United States v. Taylor*, 800 F.3d 701, 718–19 & n.5 (6th Cir. 2015); *United States v. Mitchell*, 743 F.3d 1054, 1059–60 (6th Cir. 2014).

In sum, Walker's two Tennessee robbery convictions are categorically violent felonies and the Government has conceded that Walker's Tennessee convictions for third-degree burglary and attempted third-degree burglary are not violent felonies. Thus, whether Walker is subject to a mandatory ACCA sentencing enhancement for conviction of three violent felonies depends on whether his 1982 Texas conviction for robbery is a violent felony. As explained below, it is.

#### C.     Texas Robbery

At the time of Walker's 1982 conviction, Texas defined the crime of robbery as follows.

> (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:
>
> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
>
> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Tex. Penal Code § 29.02 (1974).  The Government argues that this statute is divisible into (a)(1) and (a)(2) but concedes on appeal that each subsection is not further divisible.  Walker takes no position on divisibility but argues that, regardless of whether the statute is divisible, "neither clause satisfies the use of force definition of the ACCA."

We agree with the district court's well-reasoned opinion that (a)(1) and (a)(2) delineate distinct crimes, with different elements, but the statute is not further divisible.  These two subsections list alternative elements and thus are separate crimes, but the mental states described in each subsection are merely alternative means of carrying out these crimes.  *See Mathis*, 136 S. Ct. at 2256; *Gomez-Perez v. Lynch*, 829 F.3d 323, 326–28 (5th Cir. 2016) (holding, with regard to a Texas assault statute that criminalizes "intentionally, knowingly, or recklessly causin[ing] bodily injury to another," that these "three culpable mental states" are merely "'conceptually equivalent' means of satisfying the intent element").  We therefore look to the *Shepard* documents for the limited purpose of determining under which subsection Walker was convicted.  *Mathis*, 136 S. Ct. at 2249.  Because Walker was indicted for "intentionally caus[ing] bodily injury" and later pleaded guilty to this charge, he was convicted under § 29.02(a)(1) of intentionally, knowingly, or recklessly causing bodily injury to another in the course of committing theft.  Bodily injury was—

and still is—defined under Texas law as "physical pain, illness, or any impairment of physical condition." Tex. Penal Code § 1.07 (1974).

Given that § 29.02(a)(1) does not match any of the crimes listed in the ACCA's enumerated-offenses clause, it is a violent felony only if it falls within the ACCA's use-of-force clause—*i.e.*, if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has instructed that, in this context, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person. . . . [T]he word 'violent' in § 924(e)(2)(B) connotes a substantial degree of force." *Curtis Johnson*, 559 U.S. at 140 (citations omitted). Thus, convictions under statutes that criminalize "any unwanted physical touching"—"such as a 'tap on the shoulder without consent'"—are not violent felonies under the ACCA's use-of-force clause. *Id.* at 138, 145 (alterations and citations omitted). On the other hand, the Supreme Court recently held that "robbery offenses that require the criminal to overcome the victim's resistance" are categorically violent felonies under the ACCA's force clause. *Stokeling v. United States*, 139 S. Ct. 544, 550 (2019). The Court also suggested that "conduct that leads to relatively minor forms of injury—such as a 'cut, abrasion or bruise'—'neccesitate[s]' the use of 'violent force'" because even such minor force rises above the level of "mere offensive touching" and is "'capable of causing physical pain or injury.'" *Id.* at 554 (alterations in original) (quoting *United States v. Castleman*, 572 U.S. 157, 170 (2014), and then *id.* at 182 (Scalia, J., concurring)).

The district court held that § 29.02(a)(1) was not a violent felony because someone could be convicted under this subsection for recklessly causing physical injury. In so holding, the court relied on our decision in *United States v. McMurray*, where we concluded that "the 'use of physical force' clause of the ACCA . . . requires more than reckless conduct." 653 F.3d 367, 375 (6th Cir.

2011). After the district court handed down its decision, however, this court held that Supreme Court precedent required the opposite conclusion—that a mens rea of recklessness is "sufficient to constitute a crime that 'has, an element, the use or attempted use of physical force.'" *United States v. Verwiebe*, 874 F.3d 258, 262 (6th Cir. 2017) (interpreting an identically worded clause of the Guidelines); *see also United States v. Harper*, 875 F.3d 329, 330–32 (6th Cir. 2017) (criticizing this conclusion but construing *Verwiebe* as binding precedent). We subsequently applied this holding to the ACCA's use-of-force clause. *Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018). The district court therefore cannot be affirmed on this ground.

Nor can the district court be affirmed on any other ground. As an initial matter, Texas robbery requires the degree of force that the Supreme Court has instructed is necessary for an offense to be a violent felony. Walker was convicted of intentionally, knowingly, or recklessly causing bodily injury to another. To be convicted of causing bodily injury, he must have necessarily used force "'capable of causing physical pain or injury.'" *Stokeling*, 139 S. Ct. at 553–54 (quoting *Curtis Johnson*, 559 U.S. at 140); *see also United States v. Hall*, 877 F.3d 800, 807 (8th Cir. 2017) (holding that Texas robbery is a violent felony because this offense "requires either actual bodily injury or a threat thereof"). Although Texas's definition of bodily injury "appears to be purposefully broad," *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989), we are not aware of any case in which someone was convicted of Texas robbery without the use of force rising to the level required by *Stokeling*. Walker does not argue otherwise.

Walker contends that a "defendant can sustain a robbery conviction in Texas where force arises from anger, or a 'heat of passion-type circumstance; and where the use of force is not contemporaneous with an intent to steal." But that matters not. The degree of premeditation—or provocation—is irrelevant to whether a crime is a violent felony. All that is required under this

circuit's precedent is that the use of force elements of the offense require a mens rea of at least recklessness. *Verwiebe*, 874 F.3d at 262. Moreover, what makes Texas robbery a violent felony for purposes of the ACCA is that it requires the causation of injury, not that it involves theft.

Walker's argument that Texas robbery is not a violent felony because a defendant can be convicted for "mere solicitation" to commit this crime fares no better. Under Texas law, an individual is responsible for a criminal act committed by another person if "acting with intent to promote or assist the commission of the offense, he solicits . . . the other person to commit the offense." Texas Penal Code § 7.02(a)(2). This is a form of accomplice liability, which "is simply an alternative theory of liability; it is 'not a distinct substantive crime.'" *United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018) (citation omitted). If a crime is a violent felony for purposes of the ACCA's force clause, a conviction for this crime remains a violent felony whether one is convicted of this crime as a principal or an accessory. *Id.* (holding that a "conviction for aiding and abetting Hobbs Act robbery satisfies [the ACCA's] force clause").

### III. CONCLUSION

For the foregoing reasons, Texas Penal Code § 29.02(a)(1) is a violent felony under the ACCA's force clause and Walker has been convicted of three violent felonies. We therefore **REVERSE** the district court's judgment and remand for resentencing under the ACCA.

**JANE B. STRANCH, Circuit Judge, concurring.** James Walker is a 65-year-old man, convicted of possessing 13 bullets that he had found in a rooming house he managed and removed for safekeeping. After deciding that his prior conviction for Texas robbery was not a "violent felony," the district court resentenced Walker to 88 months' imprisonment for this crime. He has since been released from prison. But because our caselaw has changed, we are sending him back. He will now be required to serve a prison sentence that is over double as long—a sentence of no less than 15 years. I concur in this result for one reason only—it is required by our precedent.

Our decision today is not only unjust, it is also unsound. In *United States v. Verwiebe*, 874 F.3d 258, 262 (6th Cir. 2017), a panel of this court overruled our precedent, holding that a mens rea of recklessness was sufficient for an offense to have "as an element the use, attempted use, or threatened use of physical force." The opinion asserts that this result is required by the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016). But, as another panel of this court explained less than a month later, *Verwiebe* misreads both *Voisine* and the ACCA's plain text. *See United States v. Harper*, 875 F.3d 329, 330–32 (6th Cir. 2017).[1]

In *Voisine*, the Supreme Court construed the statutory definition of the term "misdemeanor crime of domestic violence," which "necessarily involves the 'use . . . of physical force.'" *Voisine*, 136 S. Ct. at 2278 (quoting 18 U.S.C. § 921(a)(33)(A)). The ACCA's force clause, on the other hand, defines a "violent felony" as a crime punishable by more than a year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force *against the person of another*." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). This distinction in phrasing is significant. *See Bennett v. Spear*, 520 U.S. 154, 173 (1997) ("It is the cardinal principle of statutory

---

[1] Both *Verwiebe* and *Harper* dealt with the Career Offender Guideline's use-of-force clause, not the ACCA's use-of-force clause. But the two clauses are identically phrased, and this court interprets them identically. *See Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018).

construction that it is our duty to give effect, if possible, to every clause and word of a statute." (alterations, citation and internal quotation marks omitted)).

As *Harper* painstakingly clarifies, the force clause's requirement that physical force be used "against the person of another" is "not meaningless, but restrictive." 875 F.3d at 332. This phrase "describes the particular type of 'use of physical force' necessary to satisfy [the ACCA]. Specifically, [the ACCA] requires not merely a volitional application of force, but a volitional application 'against the person of another.'" *Id.* at 331 (citation omitted). Thus, the ACCA's force clause "requires a *mens rea*—not only as to the employment of force but also as to its *consequences*—that the provision in *Voisine* did not. That requirement is met if the actor intends (*i.e.*, 'consciously desires') to apply force to the person of another." *Id.* The same "is not true of an actor who uses force recklessly. True, to 'use' force, the actor must choose to employ it; and thus his *employment* of the force is volitional. But the force's application 'against the person of another' is not." *Id.* Instead, an "actor is reckless if he 'consciously disregard[s] a substantial risk that the conduct will cause harm to another.'" *Id.* at 331–32 (quoting *Voisine*, 136 S. Ct. at 2278). In short, the ACCA's requirement that force be used against the person of another "narrows the scope of the phrase 'use of force' to require not merely recklessness as to the consequences of one's force, but knowledge or intent that the force apply to another person." *Id.* at 332.

Like the *Harper* court, if we were not bound by *Verwiebe*, I would hold that an offense that requires only the reckless use of force, as does Texas robbery, is not a violent felony under the ACCA. *Id.* At least two other circuits have taken this position. *See United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018); *United States v. Rose*, 896 F.3d 104, 109–110 (1st Cir. 2018); *United States v. Middleton*, 884 F.3d 485, 497–500 (4th Cir. 2018) (Floyd, J., concurring); *see also Gonzalez-Ramirez v. Sessions*, 727 F. App'x 404, 405 & n.7 (9th Cir. 2018) (construing a

similarly-phrased statute, 18 U.S.C. § 16(a), which defines a "crime of violence" as "an offense that has as an element the use . . . of physical force against the person or property of another"). But *Verwiebe* remains binding precedent unless and until "an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). I therefore reluctantly concur in this court's opinion reversing the district court and returning James Walker to prison.