RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0163p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

**17-5782**

JAMES WALKER,

*Petitioner-Appellee*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellant*.

Nos. 17-5782/5783

**17-5783**

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

JAMES WALKER,

*Defendant-Appellee*.

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
Nos. 2:07-cr-20243-1; 2:14-cv-02021—Samuel H. Mays, Jr., District Judge.

Decided and Filed: July 23, 2019

BEFORE: ROGERS, STRANCH, and THAPAR, Circuit Judges.

---

**COUNSEL**

**ON PETITION FOR REHEARING EN BANC:** Valentine Darker, DARKER & ASSOCIATES, Memphis, Tennessee, for Appellee. **ON RESPONSE:** Kevin G. Ritz, Dean DeCandia, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellant.

The panel issued an order denying the petition for rehearing en banc. KETHLEDGE, J. (pp. 3–5), delivered a separate opinion dissenting from the denial of rehearing en banc, in which MOORE, STRANCH, and WHITE, JJ., joined. STRANCH J. (pg. 6), delivered a separate dissenting opinion, in which MOORE, J., joined.

_____

**ORDER**

_____

The court received a petition for rehearing en banc. The original panel has reviewed the petition and concludes that the issues raised in the petition were fully considered upon the original submission and decision. The petition was then circulated to the full court.[1] Less than a majority of the judges voted in favor of rehearing en banc.

Therefore, the petition is denied.

_____

[1]Judge Donald recused herself from participation in this decision.

---

**DISSENT**

---

KETHLEDGE, Circuit Judge, dissenting from the denial of rehearing en banc.  Sometimes we should correct our own mistakes.  The question here is whether a defendant "use[s] . . . physical force against the person of another"—as that phrase is used in 18 U.S.C. § 924(e)(2)(B)(i) and various other provisions of the criminal code, as well as in the Sentencing Guidelines—when the defendant is indifferent (which is to say reckless) as to whether his force in fact applies to another person.  Prior to 2016, the circuit courts uniformly answered no—that crimes involving the reckless use of force are not violent felonies (or, depending on the provision, crimes of violence) as defined by these provisions.  *See United States v. Harper*, 875 F.3d 329, 332 (6th Cir. 2017) (collecting cases).  In 2016, however, the Supreme Court decided *Voisine v. United States*, 136 S.Ct. 2272 (2016), which interpreted an altogether different provision, namely the definition of "misdemeanor crime of domestic violence" as defined in 18 U.S.C. § 921(a)(33)(A).  That provision, unlike the one here, requires only a "use . . . of physical force" *period*, rather than a use of force "against the person of another."  The Court in *Voisine* expressly limited its inquiry to the meaning of a single word in § 921(a)(33)(A)(ii)—"use"—which the Court interpreted to require a "volitional" application of force, as opposed to an accidental one.  136 S.Ct. at 2279.  And the Court reasoned that, so long as the defendant's application of force is volitional, the word "use" is "indifferent as to whether the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct."  *Id.*  Thus, the Court held, crimes in which the defendant employs force recklessly may satisfy the "use of force" element of § 921(a)(33)(A)(ii).  *See id.* at 2276.

Several courts have since extended *Voisine* to abrogate the pre-2016 consensus and hold that crimes involving the reckless use of force are violent felonies or crimes of violence as defined by § 924(e)(2)(B)(i) and its various counterparts.  Unlike the provision at issue in *Voisine*, however, § 924(e)(2)(B)(i) does require the "use . . . of physical force *against the person of another*."  That difference in text yields a difference in meaning.  As a unanimous panel of our court explained in *Harper*:  "The italicized language is a restrictive phrase that describes the particular type of 'use of physical force' necessary to satisfy [U.S.S.G. § 4B1.2, which is a Guidelines counterpart of § 924(e)(2)(B)(i)].  Specifically, § 4B1.2 requires not merely a volitional

application of force, but a volitional application 'against the person of another.'" 875 F.3d at 331 (citation omitted). And that means "the force's application to another person must be volitional or deliberate." *Id.* Thus, "understood the way the English language is ordinarily understood," the phrase "use . . . of physical force against the person of another" requires "not merely recklessness as to the consequences of one's force, but knowledge or intent that the force apply to another person." *See id.* at 331-32.

Yet the law as described in *Harper* is not the law of our circuit, because by chance a conflicting decision, namely *United States v. Verwiebe*, 872 F.3d 408 (6th Cir.), *amended*, 874 F.3d 258 (6th Cir. 2017), was published days before *Harper* was. *Verwiebe* asserted that § 4B1.2(a) "define[s] crimes of violence nearly identically to [18 U.S.C.] § 921(a)(33)(A)(ii)"— which was the provision at issue in *Voisine*. *See Verwiebe*, 874 F.3d at 262; *see also United States v. Haight*, 892 F.3d 1271, 1281 (D.C. Cir. 2018) (likewise characterizing these provisions as "nearly identical"). Respectfully, however, that assertion was mistaken, because § 4B1.2—unlike § 921(a)(33)(A)(ii)—requires the use of physical force "against the person of another." In the work of textual exegesis, the presence of a restrictive phrase in one provision but not another does not leave them nearly identical. And from that mistaken premise *Verwiebe* mistakenly held that § 4B1.2 requires only recklessness as to whether the defendant's force would apply to the person of another. *See Verwiebe*, 874 F.3d at 264.

In fairness, though, *Verwiebe* followed a trail already blazed by three other circuits. But none of the cases on which *Verwiebe* relied—namely *United States v. Pam*, 867 F.3d 1191, 1207-08 (10th Cir. 2017); *United States v. Mendez-Henriquez*, 847 F.3d 214, 221-22 (5th Cir. 2017); and *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016)—even acknowledged, much less addressed, the possibility that the restrictive phrase "against the person of another" could affect the *mens rea* required by § 4B1.2(a) and its various counterparts. Those cases therefore do not represent a reasoned consensus as to what that phrase means. Indeed they do not even purport to explain what it means. Instead they illustrate a dynamic that sometimes arises in the lower courts: "Loose language in one case hardens into a holding in another, and other cases follow suit. Eventually the caselaw takes on a life of its own, often lived at variance with the rules laid down in the statute itself." *DeLuca v. Blue Cross Blue Shield of Michigan*, 628 F.3d 743, 752 (6th Cir. 2010) (dissenting opinion).

We should have reheard this case. The issue here recurs frequently and typically doubles a defendant's sentence; and the opinion that bound us in *Harper* is seriously open to question. Moreover, any concerns about our ability to apply the rule in *Harper* are belied by the fact that, pre-*Voisine*, the lower courts had uniformly applied that same rule for more than a decade. Nor is there any merit to the assertion that §§ 921(a)(33)(A)(ii) and 924(e)(2)(B)(i) require the same *mens rea* (which, per *Voisine*, would be recklessness) because § 921(a)(33)(A)(ii) requires a "victim." That requirement, the argument goes, serves as the equivalent of the phrase "against the person of another" as used in § 924(e)(2)(B)(i). But again this is rough-cut textualism. True, the definition of "misdemeanor crime of domestic violence" in § 921(a)(33)(A)(ii) requires that there be a domestic "victim" in addition to a "use of physical force[.]" Hence that provision implicitly requires that the defendant's "use of physical force" in fact harm another person. But there are legions of victims harmed by force applied recklessly. And nothing in the text of § 921(a)(33)(A)(ii) requires that the defendant act *knowingly or intentionally* with respect to that harm. Meanwhile, as shown above, § 924(e)(2)(B)(i) does include language to that effect: "against the person of another." Finally, though the decision whether to rehear a case en banc depends primarily on jurisprudential concerns, it bears mention that—by our inaction—we send back to prison, quite wrongly in my view, a 65-year-old man whose crime was possession of a dozen bullets and who had already served the sentence (88 months) that the district court thought sufficient.

"In sum, *Voisine* tells us what 'use' means, not what 'against the person of another' means." *Harper*, 875 F.3d at 333; *see also Voisine*, 136 S.Ct. at 2278 (observing that "'use[,]'" in that case, "is the only statutory language either party thinks relevant" in § 921(a)(33)(A)(ii)). That phrase on its face restricts the scope of one of the more important definitions in all of federal criminal law. Indeed the Supreme Court has said that "[t]he critical aspect" of the text at issue here "is that a crime of violence is one involving the 'use . . . of physical force *against the person or property of another*.'" *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (emphasis and ellipses in original). Yet our court has chosen to read that phrase—that "critical aspect"—to mean precisely nothing. And by denying rehearing we have rendered more intractable what has become a deep circuit split.

I respectfully dissent from the denial of rehearing en banc.

_____

**DISSENT**

_____

JANE B. STRANCH, Circuit Judge, dissenting from the denial of rehearing en banc. I join fully in Judge Kethledge's dissent from the denial of rehearing en banc. And while I recognize that our change of sides would not resolve the existing circuit split, I believe our newly constituted court would have found value in seeking to answer this question together and would have provided value in speaking to the defendants and families impacted by our decision.

I write separately because there is another reason we should take up the question of whether crimes that have a mens rea of recklessness necessarily involve the "use . . . of physical force against the person of another," as required by the ACCA's use-of-force clause. 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has explicitly left open the possibility that the term "use of physical force" should be given "divergent readings" in § 921(a)(33)(A) and the ACCA "in light of differences in [the statutes'] contexts and purposes." *Voisine v. United States*, 136 S. Ct. 2272, 2280 n.4 (2016). Though § 921(a)(33)(A) deals with misdemeanor crimes of domestic violence, the ACCA's scope is restricted to violent felonies. And the Court found that the "common-law meaning of force" is a "comical misfit" with the "ACCA's definition of a violent felony," yet concluded that the "common-law meaning of force fits perfectly" in the context of misdemeanor crimes of domestic violence. *United States v. Castleman*, 572 U.S. 157, 163 (2014) (citation and internal quotation marks omitted). Indeed, the Court noted that "[t]he very reasons we gave for rejecting that meaning in defining a 'violent felony' are reasons to embrace it in defining a 'misdemeanor crime of domestic violence.'" *Id.*; *see also id.* at 164–65 (discussing § 921(a)(33)(A)'s context and purpose). Analysis of this issue thus also should include recognition that the statutes' divergent "contexts and purposes" provide a substantial basis to conclude that the ACCA's requirement of the use of physical force *against the person of another* is more stringent than § 921(a)(33)(A)'s requirement of the use of physical force *period*.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk