NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0595n.06

No. 25-5156

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Dec 22, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| SHELBY N. BEAM, | ) TENNESSEE |
| Defendant-Appellant. | ) |
| | ) OPINION |

Before: GILMAN, GRIFFIN, and MURPHY, Circuit Judges.

PER CURIAM. Shelby N. Beam appeals her 18-month sentence for a robbery offense. As set forth below, we affirm.

While in an abusive relationship with Imari Glover, Beam helped him rob a Cash Express store in Chattanooga, Tennessee. Beam subsequently pleaded guilty to aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951.

Beam's presentence report set forth a guidelines range of 51 to 63 months of imprisonment based on a total offense level of 24 and a criminal-history category of I. Prior to sentencing, the government moved for a downward departure under USSG § 5K1.1 based on Beam's substantial assistance. Beam also moved for a downward departure, claiming coercion and duress under USSG § 5K2.12, as well as aberrant behavior under USSG § 5K2.20, or for a downward variance based on the sentencing factors under 18 U.S.C. § 3553(a). In support of her motion, Beam asserted that she assisted Glover in the robbery out of fear, and that her actions were out of character for her.

At sentencing, the district court granted the government's motion and decreased Beam's total offense level by six levels. The district court also granted Beam's motion and departed downward by four more levels, resulting in a total offense level of 14 and a guidelines range of 15 to 21 months. According to the district court, USSG § 5K2.12 "clearly applies" because "Beam was operating under a degree of coercion and duress when she participated in this very, very serious armed robbery." But the district court expressed "some hesitancy" in applying USSG § 5K2.20, the policy statement addressing downward departures for aberrant behavior:

> [I]n the Court's mind this provision indicates that a defendant had significant volitional control over their actions, and to the Court it seems that this conflicts somewhat with the 5K2.12 provision. If you are coerced and doing something under duress, then obviously you do not have complete volitional control over your . . . actions. So although the Court takes into account that this is a departure from the defendant's normal behavior, the Court is reluctant to apply Section 5K2.2[0]. So the Court will rely primarily upon 5K2.12 but does have in the back of its mind the aberrant behavior provision.

The district court ultimately sentenced Beam to 18 months of imprisonment followed by three years of supervised release and ordered her to pay $2,680 in restitution to Cash Express.

In this timely appeal, Beam challenges the district court's decision not to apply USSG § 5K2.20 in granting her a downward departure. "[A] district court's decision not to depart downwards is considered unreviewable, except where there is clear evidence that 'the lower court incorrectly believed that it lacked authority to grant such a departure.'" *United States v. Church*, 731 F.3d 530, 533–34 (6th Cir. 2013) (quoting *United States v. Madden*, 515 F.3d 601, 610 (6th Cir. 2008)). According to Beam, the district court was not aware that it could grant a downward departure for aberrant behavior under USSG § 5K2.20 while also granting a departure for coercion and duress under USSG § 5K2.12. We review de novo a district court's determination that it lacked authority to depart downward. *United States v. Truman*, 304 F.3d 586, 589 (6th Cir. 2002).

Beam argues that the district court erred in determining that USSG §§ 5K2.12 and 5K2.20 conflict because § 5K2.20 requires the defendant to have "significant volitional control" over his or her actions. USSG § 5K2.20 states that a district court may grant a downward departure "only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." USSG § 5K2.20(b), p.s. (2018 ed.). Beam contends that USSG § 5K2.20 does not require a defendant to have "significant volitional control" over his or her actions and that her offense otherwise qualifies for a downward departure for aberrant behavior.

To qualify for a downward departure for aberrant behavior under USSG § 5K2.20, an "offense must have been more than something out of the defendant's character; it must have been a spontaneous and thoughtless act." *United States v. Carson*, 560 F.3d 566, 590 (6th Cir. 2009) (quoting *United States v. Bueno*, 443 F.3d 1017, 1023 (8th Cir. 2006)). As the government acknowledges, a thoughtless action would not necessarily involve "significant volitional control." *See Volition*, *Black's Law Dictionary* (12th ed. 2024) ("The ability to make a choice or determine something."); *see also United States v. Harper*, 875 F.3d 329, 331 (6th Cir. 2017) (likening "volitional" to "deliberate").

We need not resolve whether the district court erred in applying USSG § 5K2.20, however, if any such error was harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). "Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless—*i.e.*, any such error 'did not affect the district court's selection of the sentence

imposed.'" *United States v. Ziesel*, 38 F.4th 512, 515-16 (6th Cir. 2022) (quoting *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005)).

Here, although the district court was "reluctant" to apply USSG § 5K2.20 and "rel[ied] primarily upon 5K2.12" in granting a downward departure, it expressly took "into account that this is a departure from the defendant's normal behavior" and kept "in the back of its mind the aberrant behavior provision." The record shows that, despite its doubts about USSG § 5K2.20's application, the district court considered the fact that Beam's offense constituted aberrant behavior in granting her a four-level downward departure. We agree with the government that any error in the district court's interpretation of USSG § 5K2.20 was harmless. *See United States v. Crumpton*, 814 F. App'x 964, 969 (6th Cir. 2020) ("Furthermore, even if the district court had failed to consider its discretion to make a downward departure . . . the error was harmless because the district court considered the same conduct in making a downward variance under 18 U.S.C. § 3553."); *see also Carson*, 560 F.3d at 590 (concluding that the district court's error in applying USSG § 5K2.20 was harmless).

Accordingly, we **AFFIRM** Beam's sentence.